[Cite as *State v. Neal*, 2017-Ohio-47.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. L-16-1105 |
| | L-16-1106 |
| Appellee | L-16-1107 |
| | |
| v. | Trial Court Nos. CR0200702127 |
| | CR0200901731 |
| Rochelle Neal | CR0200902368 |
| | |
| Appellant | **DECISION AND JUDGMENT** |
| | |
| | Decided: January 6, 2017 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Rochelle Neal, pro se.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Rochelle Neal, filed a consolidated and accelerated appeal from the April 26, 2016 judgment of the Lucas County Court of Common Pleas denying his motion for discovery pursuant to Crim.R. 16. Because we find the trial court did not err in denying the motion, we affirm.

**{¶ 2}** In 2007, appellant was convicted of attempted felonious assault and sentenced. He did not appeal from his conviction and sentence. After the victim of the attempted felonious assault died, appellant was charged with murder. Appellant entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a charge of involuntary manslaughter charged in a bill of information, and he was convicted and sentenced. The state entered a nolle prosequi and the murder charges were dismissed. No direct appeal was ever filed from either final judgment.

**{¶ 3}** In the current case, appellant filed, pursuant to Crim.R. 16, a request for discovery of evidence the state had regarding his prior convictions and plea agreements in the case referenced above. The trial court denied the motion on April 26, 2016, finding a Crim.R. 16 discovery is applicable only to pending criminal proceedings prior to trial. Because appellant has already been convicted and sentenced, the trial court found the issues raised were barred under the doctrine of res judicata. Appellant appeals from the trial court's judgment and asserts the following assignments of error:

ERROR I: DEFENDANT, ROCHELLE NEIL [SIC] WAS DENIED THE RECORD TO USE IN THIS APPEAL PROCESS, WHICH IS A VIOLATION OF GRIFFIN VS. ILLINOIS, AND DRAPER VS. WASHINGTON, AND APP.R. 9.

ERROR II: DEFENDANT, ROCHELLE NEILS [SIC] SIXTH AMENDMENT RIGHTS WERE VIOLATED BY LUCAS COUNTY

2.

COURTS TO EFFECTIVE ASSISTANCE OF COURT APPOINTED [SIC] COUNSEL.

ERROR III: THE STATE OF OHIO VIOLATED DEFENDANT, ROCHELLE NEILS [SIC] "BRADY RIGHTS" BY WITHHOLDING VITAL EVIDENCE 'FOUR' [SIC] HIS DEFENSE.

{¶ 4} Appellant argues in his first assignment of error that the trial court erred by denying his access to the record to use in this appeal process. Crim.R. 16 governs the discovery of evidence in pending criminal action. There is no pending criminal action in this case. Furthermore, Crim.R. 16 does not provide for a process for discovery of evidence relating to a postconviction relief petition or appellate review of a prior conviction. Therefore, we find the trial court did not err as a matter of law in denying appellant the relief sought. Appellant's first assignment of error is not well-taken.

{¶ 5} In his second assignment of error, appellant argues that his trial counsel in his prior criminal action rendered ineffective assistance of counsel. This assignment of error is unrelated to the judgment which is the subject of this appeal. Therefore, we find appellant's second assignment of error not well-taken.

{¶ 6} In this third assignment of error, appellant argues the state withheld exculpatory evidence from appellant regarding his defense in the prior criminal proceedings. Again, this assignment of error is unrelated to the judgment which is the subject of this appeal. Therefore, appellant's third assignment of error is not well-taken.

3.

**{¶ 7}** Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE